```
 1  MARISOL A. NAGATA
    CA NO. 221387
 2  BARRETT DAFFIN FRAPPIER TREDER &
    WEISS, LLP
 3  20955 PATHFINDER ROAD
    SUITE 300
 4  DIAMOND BAR, CA 91765
 5  Phone: (626) 915-5714, Fax: (972) 661-7726
    E-mail: NDCAECF@BDFGROUP.COM
 6
    Attorney for Movant
 7  WELLS FARGO BANK, N.A., ALSO
    KNOWN AS WACHOVIA MORTGAGE, A
 8  DIVISION OF WELLS FARGO BANK, N.A.,
    AND FORMERLY KNOWN AS WACHOVIA
 9  MORTGAGE, FSB, FORMERLY KNOWN AS
10  WORLD SAVINGS BANK, FSB, ITS
    ASSIGNS AND/OR SUCCESSORS IN
11  INTEREST
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re:<br>TOMMIE MUNOZ<br><br>Debtor. | CASE NO.: 10-11817-AJ-7<br>CHAPTER: 7<br>R.S. NO.: EAT-955<br><br>MOTION FOR RELIEF FROM THE<br>AUTOMATIC STAY<br><br>DATE: August 12, 2010<br>TIME: 09:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA |
|---|---|

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, ITS ASSIGNS

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND/OR SUCCESSORS IN INTEREST, hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On May 14, 2010, the Debtor TOMMIE MUNOZ commenced this voluntary Chapter 7 case in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, Case No. 10-11817-AJ-7. JEFFRY G. LOCKE is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408* and *1409*.

3. The Debtor's estate includes real property commonly known as 274 BRUCE AVE, ROHNERT PARK, CA 94928 and legally described as follows:

> SITUATED IN THE STATE OF CALIFORNIA, CITY OF ROHNERT PARK, COUNTY OF SONOMA, AND DESCRIBED AS FOLLOWS:
>
> LOT 22, BLOCK NO. 4, AS SHOWN UPON THE MAP OF 'TRACT NO. 269, ROHNERT PARK, SUBDIVISION NO. 6, UNIT B', FILED INTHE OFFICE OF THE COUNTY RECORDER OF SONOMA COUNTY, CALIFORNIA ON AUGUST 18, 1961 IN BOOK 87 OF MAPS, PAGES 17 AND 18.

4. On or about December 04, 2006, Debtor TOMMIE MUNOZ executed a Note in the original sum of $371,250.00 in favor of WORLD SAVINGS BANK, FSB. The Note is secured by a first priority Deed of Trust against said real property recorded on December 05, 2006 as Book and Page No. 2006150518 in the Office of the County Recorder of SONOMA County, CA. In or about September 2006, World Savings Bank, FSB was acquired by Wachovia Mortgage, FSB. Subsequently, in or about October 2008, Wachovia Mortgage, FSB merged into Wells Fargo Bank, N.A.

5. The original loan amount was payable with interest at the initial rate of 7.597% per annum in monthly principal and interest installments commencing January 15, 2007 and continuing

thereafter each calendar month through December 15, 2036 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the Note. The current monthly payment is $1,487.72.

6. The loan is in default for the months of November 15, 2009 through and including June 15, 2010. Delinquent monthly installments total $11,901.76. Movant has also incurred corporate advances in the sum of $ 955.58. Another payment of $1,487.72 will become due on July 15, 2010. The ARM Note and Deed of Trust also obligate the borrower to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $800.00 in this relief from stay proceeding.

7. Movant commenced foreclosure proceedings against the real property by recording a Notice of Default on April 14, 2010. There is no foreclosure sale date currently scheduled. If title reverts to Movant, the real property will have to be marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $17,600.00.

8. The Debtor claims under penalty of perjury in Schedule A - Real Property and in Schedule D - Creditors Holding Secured Claims that the real property has a fair market value of $220,000.00. Schedule D - Creditors Holding Secured Claims also states that the real property is encumbered by. After deducting the estimated costs of sale and the total encumbrances from the Debtor's value of the real property, there is no remaining equity for the Debtor.

9. Furthermore, the real property has no substantial value for the Debtor's estate. According to Schedule A, the fair market value of the real property is $220,000.00. The real property is encumbered by Movant's Deed of Trust securing a debt of $325,648.79, with additional encumbrances against the property totaling $0.00. Since the total encumbrances against the property

are estimated to be $325,648.79, there is no equity in this asset for the Chapter 7 Trustee to administer.

10. Since there is no equity in the real property to adequately protect Movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1)* and/or *11 U.S.C. Section 362(d)(2)* to allow Movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

WHEREFORE, Movant prays for an Order as follows:

1. For an Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

1     4.    For such other relief as the Court deems proper.

2                                         BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP

4   Date: July 13, 2010                By:    /s/ MARISOL A. NAGATA
                                                   MARISOL A. NAGATA
                                                   Attorney for Movant

5
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
Case: 10-11817   Doc# 18   Filed: 07/13/10   Entered: 07/13/10 12:40:33   Page 5 of 5
bkcabk_MFR.rpt-26/Northern/Santa Rosa/00000001763168                                    Page 5 of 5