MARISOL A. NAGATA
CA NO. 221387
BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
20955 PATHFINDER ROAD
SUITE 300
DIAMOND BAR, CA 91765
Phone: (626) 915-5714, Fax: (972) 661-7726
E-mail: NDCAECF@BDFGROUP.COM

Attorney for Movant
WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>TOMMIE MUNOZ<br><br>Debtor. | CASE NO.: 10-11817-AJ-7<br>CHAPTER: 7<br>R.S. NO.: EAT-999<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>DATE: August 26, 2010<br>TIME: 09:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>99 "E" Street<br>Santa Rosa, CA |

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, ITS ASSIGNS

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND/OR SUCCESSORS IN INTEREST, hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On May 14, 2010, the Debtor TOMMIE MUNOZ commenced this voluntary Chapter 7 case in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, Case No. 10-11817-AJ-7. JEFFRY G. LOCKE is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408* and *1409*.

3. The Debtor's estate includes real property commonly known as 105 CARMELITA CT, CRESCENT CITY, CA 95531 and legally described as follows:

> LOT 1 OF ZAMARRIPA SUBDIVISION AS SHOWN ON THE SUBDIVISION MAP FILED IN THE OFFICE OF THE COUNTY RECORDER OF DEL NORTE COUNTY, CALIFORNIA ON MAY 4, 1990 IN BOOK 10 OF MAPS, PAGE 162

APN: 115-300-01

4. Movant, its successors and assigns, is the current holder of a ARM Note in the original sum of $241,500.00 executed on or about February 27, 2007 by the Debtor TOMMIE MUNOZ in favor of WORLD SAVINGS BANK, FSB. The Note is secured by a First priority Deed of Trust against said real property recorded on March 05, 2007, as Instrument No. 20071236 in the Office of the County Recorder of Del Norte County, California.

5. The original loan amount was payable with interest at the initial rate of 7.79% per annum in monthly principal and interest installments commencing April 15, 2007 and continuing thereafter each calendar month through March 15, 2037 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to

periodic adjustments as specified in the Note. The current monthly payment is $1,352.68.

6. The loan is in default for the months of October 15, 2008 through and including July 15, 2010. Delinquent monthly installments total $27,808.85. Movant has also incurred corporate advances in the sum of $3,108.28. Another payment of $1,352.68 will become due on August 15, 2010. The ARM Note and Deed of Trust also obligate the borrower to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $800.00 in this relief from stay proceeding.

7. Movant commenced foreclosure proceedings against the real property by recording a Notice of Default on February 17, 2010. There is no foreclosure sale date currently scheduled. If title reverts to Movant, the real property will have to be marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $19,200.00.

8. The Debtor claims under penalty of perjury in Schedule A - Real Property and in Schedule D - Creditors Holding Secured Claims that the real property has a fair market value of $240,000.00. Schedule D - Creditors Holding Secured Claims also states that the real property is encumbered by. After deducting the estimated costs of sale and the total encumbrances from the Debtor's value of the real property, there is no remaining equity for the Debtor.

9. Furthermore, the real property has no substantial value for the Debtor's estate. According to Schedule A, the fair market value of the real property is $240,000.00. The real property is encumbered by Movant's Deed of Trust securing a debt of $290,390.73, with additional encumbrances against the property totaling $0.00. Since the total encumbrances against the property are estimated to be $290,390.73, there is no equity in this asset for the Chapter 7 Trustee to administer.

11. Since the equity in the real property does not adequately protect Movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1) and/or 11 U.S.C. Section 362(d)(2)* to allow Movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

WHEREFORE, Movant prays for an Order as follows:

1. For an Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

4. For such other relief as the Court deems proper.

```
                                    BARRETT DAFFIN FRAPPIER TREDER
                                    & WEISS, LLP

Date: August 06, 2010               By:   /s/ MARISOL A. NAGATA
                                          MARISOL A. NAGATA
                                          Attorney for Movant
```